IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. **1:19-cv-02922-DDD**

PAUL HOLTSCLAW,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

ORDER AFFIRMING DECISION OF
ADMINISTRATIVE LAW JUDGE

---

Plaintiff Paul Holtsclaw brought this action seeking judicial review of a July 2, 2019 determination by an Administrative Law Judge ("ALJ") that he is not entitled to benefits under the Social Security Act because he is not disabled within the meaning of the Act and is, in fact, able to perform medium work in the national economy. *See* 42 U.S.C. §§ 405(g). The matter is ripe for review. (*See* Docs. 13, 14, 15.) The ALJ's determinations were supported by substantial evidence, so the decision is **AFFIRMED**.

## LEGAL STANDARDS

### A.  Entitlement to Disability Insurance Benefits

To obtain disability insurance benefits, a claimant must meet the insured status requirements, be younger than 65 years of age, file an application for a period of disability, and have a "disability" within the

meaning of the Act. 42 U.S.C. §§ 416(i), 423(a); *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). The disability must also have begun before expiration of disability-insured status. 20 C.F.R. § 404.101; Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *8 (1983). A person has a disability

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). To qualify for benefits, the disabling impairment must last—or be expected to last—at least twelve months. *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002). Evaluating the existence of a disability is a five-step, sequential process that ends at any point at which the claimant is found not disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (citation omitted).

**First**, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). **Second**, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id*. at § 404.1520(c). **Third**, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled, and the analysis skips to the fifth step. *Id*. at § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to the fourth step. *Id*. at § 404.1520(e). **Fourth**, the claimant must show that the "impairment prevents [him or

2

her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *accord* 20 C.F.R. § 404.1520(f). **Fifth**, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987) (citation omitted); *see also* 20 C.F.R. § 404.1520(g).

### B. Standard of Review by a District Court

When reviewing disability-insurance-benefit denials, district courts ask only whether "substantial evidence" supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). And courts may not substitute their judgment for that of the agency. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Any fact, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

## BACKGROUND

On June 10, 2016, Mr. Holtsclaw filed a claim for disability benefits. On July 2, 2019, The ALJ found that Mr. Holtsclaw had bilateral knee and hand osteoarthritis, degenerative disc disease, right shoulder fracture and tears, alcohol use disorder, and depression. (AR at 23.) But, considering all of the evidence before him, the ALJ determined that Mr. Holtsclaw had medium residual functional capacity and is thus not disabled within the meaning of the Act. (*Id.* at 26.) The Appeals Counsel denied him review, and Mr. Holtsclaw's appeal of the ALJ's decision is currently before the court.

At issue here is the ALJ's comparative weighting of the medical opinions of doctors James McElhinney and Emily Gutsgell, and nurse practitioners Valerie Kalana and Theresa Caniff. *See* AR at 31–32.

Dr. McElhinney is a state medical agency doctor. *Id.* at 31. He reviewed Mr. Holtsclaw's medical records in November 2016 and determined that Mr. Holtsclaw is capable of "medium work with frequent climbing and crawling, occasional overhead reaching with the right upper extremity, and frequent handling with the left upper extremity." *Id.* at 31. The ALJ gave this opinion "significant weight" because Dr. McElhinney "has great familiarity with the disability program's rules and regulations"; "he supported his findings with a review of the available record"; and his conclusion was consistent with evidence showing minimal "problems with gait, range of motion, or strength despite degenerative changes in multiple joints." *Id.*

Dr. Gutsgell is a consultative examiner who performed a physical exam on Mr. Holtsclaw in August 2016. *Id.* Dr. Gutsgell offered a functional assessment of Mr. Holtsclaw. Among other things, she opined that there were no limitations on Mr. Holtsclaw's ability to sit during a

normal workday; that he could stand or walk for four to six hours during a normal workday; that he could regularly lift twenty pounds with tenderness in his right shoulder; that there were no limitations in how much weight he could carry; and that he had no limitations on his manipulative abilities. AR at 1062. Dr. Gutsgell's physical exam also found that Mr. Holtsclaw had a normal gait and largely normal range of motion, with some tenderness in his knee and shoulder. *Id.* at 1060. The ALJ gave Dr. Gutsgell's opinion "some weight." *Id.* at 31. On the one hand, the ALJ concluded that Dr. Gutsgell's "conclusions regarding the claimant's manipulative abilities appear generally consistent with his good grip and pincer strength." *Id.* On the other hand, the ALJ discounted the exertional limitations Dr. Gutsgell noted in light of Mr. Holtsclaw's "normal gait, good strength, and generally full range of motion throughout." *Id.*

Ms. Kalana, a board-certified nurse practitioner, is one of Mr. Holtsclaw's primary care providers. *Id.* She completed a "medical source statement" in June 2016 that said that Mr. Holtsclaw had severe knee pain and could not work until his pain was addressed by orthopedists. *Id.* Similarly, Ms. Caniff, Mr. Holtsclaw's other primary care provider, opined in April 2017 that Mr. Holtsclaw was currently disabled and unable to work for at least the next year." *Id.* The ALJ considered both opinions but gave neither "special significance" because they were opinions reserved to the Commissioner for purposes of the question at issue. *Id.*

## DISCUSSION

Mr. Holtsclaw appeals the decision of the ALJ on four primary grounds. First, he argues that the ALJ should've afforded Dr. Gutsgell's opinion greater weight as a consultative examiner than that of Dr.

McElhinney, who only reviewed paper records. Second, Mr. Holtsclaw argues that the ALJ cherry-picked Dr. Gutsgell's favorable opinions while discounting her unfavorable opinions. Third, Mr. Holtsclaw argues that the ALJ should have solicited more detail from Ms. Kalana and Ms. Caniff concerning their opinions. Fourth, he argues that the ALJ had no basis in fact to assert that Dr. McElhinney had familiarity with the requirements of the disability program. None of these arguments compel reversal of the ALJ's decision.

## I.   Dr. Gutsgell

The way the ALJ weighed Dr. Gutsgell's opinion was supported by substantial evidence. The ALJ considered all of Dr. Gutsgell's findings and opinions and gave them some weight. Specifically, the ALJ's finding that the exertional limitations identified by Dr. Gutsgell weren't consistent with Dr. Gutsgell's physical examination is supported by the record. The record reflects that Dr. Gutsgell observed that Mr. Holtsclaw had a normal gait and near-normal range of motion with some discomfort. AR at 1060. So the ALJ's conclusion to partially discount Dr. Gutsgell's conclusion concerning Mr. Holtsclaw's exertional limitations was supported by substantial evidence.

Contrary to Mr. Holtsclaw's argument, this isn't a case like *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012). There, an ALJ committed reversible error where he discounted a doctor's physical-exam finding "with no explanation at all as to why one part of his opinion was credible and the rest was not." *Id.* at 1292. Here, in contrast, the ALJ explained why he discounted portions of Dr. Gutsgell's opinions. *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015), is a far more analogous decision: "The ALJ's finding that [the examining doctor's findings of] restrictions on standing and walking were inconsistent with his own examination

6

findings is a good reason for giving that medical opinion only moderate weight." *Id.* at 1202 (citing 20 C.F.R. § 404.1527(c)(3)). Because the ALJ explained why portions of the record supported Dr. Gutsgell's opinion, while others didn't, the ALJ's decision to give Dr. Gutsgell's opinion partial weight is supported by substantial evidence. *Rael v. Berryhill*, 678 F. App'x 690, 695 (10th Cir. 2017) (upholding decision where "the ALJ explained his rationale for applying varying weights to different aspects of the treating physician's opinion.").

Mr. Holtsclaw is correct that an examining physician's opinion is generally entitled to more weight than a non-examining physician's. 20 C.F.R. § 404.1527(C)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). But this general guideline doesn't arrest the ALJ's duty to independently weigh all evidence. And if, as here, an ALJ determines that record evidence better supports a non-examining physician's opinion than an examining physician's opinion, that isn't reversible error. *See Gonzales v. Colvin*, 515 F. App'x 716, 719 (10th Cir. 2013) (decision to follow non-examining physician's opinion where ALJ determined record evidence better supported that opinion than the examining physician's wasn't error).

## II. Ms. Kalana and Ms. Caniff

Mr. Holtsclaw recognizes that the ALJ properly discounted Ms. Kalana's and Ms. Caniff's opinions that he was disabled as a determination reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Yet he asserts that Ms. Kalana and Ms. Caniff clearly "intended to state [Mr. Holtsclaw] had significant physical limitations prohibiting him from

maintaining full-time work." Doc. 13 at 12. According to Mr. Holtsclaw, "if the ALJ needed further explanation from" Ms. Kalana or Ms. Caniff, the onus was on the ALJ to "recontact" them "for further clarification." *Id.* But the Commissioner is only required to consider "recontact[ing] your medical source" if the evidence before the Commissioner "is consistent but we have insufficient evidence to determine whether you are disabled, or if after considering the evidence we determine we cannot reach a conclusion about whether you are disabled." 20 C.F.R. § 404.1520b(b). The ALJ had sufficient evidence to reach its conclusion that Mr. Holtsclaw was not disabled. This wasn't error.

### III.   Dr. McElhinney

The ALJ's decision to give Dr. McElhinney's opinion significant weight was supported by substantial evidence. Most significantly, the ALJ explained that Dr. McElhinney's opinion was consistent with record evidence that Mr. Holtsclaw had minimal "problems with gait, range of motion, or strength despite degenerative changes in multiple joints." AR at 31. This alone is substantial evidence supporting Dr. McElhinney's opinion. Mr. Holtsclaw doesn't quarrel with this aspect of the ALJ's conclusion. Instead he argues that the ALJ erred by noting that Dr. McElhinney as a state agency physician "has great familiarity with the disability program's rules and regulations." *Id.* But this wasn't error. The governing regulations expressly state that state agency physicians "are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). So the fact that Dr. McElhinney is a state agency physician is substantial evidence supporting the ALJ's decision to credit his opinion.

## CONCLUSION

The decision of the ALJ is **AFFIRMED**.

DATED: September 2, 2020.     BY THE COURT:

Daniel D. Domenico
United States District Judge